# CIRCUIT COURT OF FAIRFAX COUNTY

Mary Ann McCreery

v.

William B. McCreery, III

July 6, 2005

Case No. Chancery 189027

BY JUDGE R. TERRENCE NEY

This matter came before the Court upon Defendant William B. McCreery's ("Husband") Motion to Reconsider the Court's decision of April 19, 2005.

## Facts

Two issues bearing on the equitable distribution of the parties' assets were decided by the Court. The first issue was the classification of insurance proceeds regarding Complainant Mary Ann McCreery's ("Wife") engagement and wedding rings. The second issue was the classification of gifts of jewelry given to Wife by Husband during the marriage.

Husband's Motion to Reconsider is limited to the second issue of classification of the interspousal gifts during the marriage and the Court's ruling that the gifts of jewelry were Wife's separate property.

## Analysis

Pursuant to Virginia Code § 20-107.3, separate property is, in part, "all property acquired during the marriage by bequest, devise, descent, survivorship, or gift from a source other than the other party." The Code

classifies marital property as "all other property acquired by each party during the marriage which is not separate property as defined above." Virginia Code § 20-107.3.

Husband argues that the statute clearly indicates that the General Assembly intended to exclude interspousal gifts from being classified as separate property.

In *Kelln v. Kelln*, 30 Va. App. 113, 515 S.E.2d 789 (1999), the Court of Appeals carved out an exception to the presumption of Va. Code § 20-107.3(A)(2) that property acquired by either spouse during a marriage is marital. That presumption may be rebutted when there is evidence of intent to relinquish all present and future dominion over the property so as to remove it from the marital estate.

"In short, when evidence of intent to relinquish all present and future dominion over the property so as to remove it from the marital estate is lacking, the presumption of Code § 20-107.3(A)(2) that property acquired by either spouse during a marriage is marital remains unrebutted." *Kelln v. Kelln*, 30 Va. App. 113, 124, 515 S.E.2d 789, 794 (1999).

In *Kelln*, the Court of Appeals reversed the trial court's classification of certain assets transferred in trust during the parties' marriage as separate property not subject to equitable distribution because the husband's intent to transform the assets of the trust into separate property was lacking.[1] *Id.* The Court of Appeals held that:

> The principles that emerge from the cases addressing the classification of property which has been the subject of interspousal gift do not depend upon the classification of the source of the property but rather upon *whether one party by clear and express language intended to give the asset as the other spouse's separate property or merely intended to make a gift during the marriage, which becomes marital property.*

---

[1] The Court of Appeals noted that "the equitable division of property that the parties have transferred to a revocable *inter vivos* trust for estate planning purposes presents a matter of first impression under Virginia divorce law." The Court of Appeals explained, however, that the issue would be analyzed pursuant to "well-founded roots in settled law, specifically, the law governing the classification of property under Code § 20-107.3 and of property acquired by interspousal transfers." *Id.*, 30 Va. App. at 119-20, 515 S.E.2d at 792. Therefore, the analysis of *Kelln* assists in analyzing the interspousal gift or transfer here, even though *Kelln* involved assets transferred in trust and the present case involves gifts of jewelry.

> Where the facts clearly and unambiguously support the conclusion that one of the parties has relinquished all right and interest in marital property and has transferred those rights unconditionally to the other, to the exclusion of the donor's continuing claim upon the property as a marital asset pursuant to Code § 20-107.3, a separate property right will be found to exist.

*Id.*, 30 Va. App. at 122-23, 515 S.E.2d at 793-94 (emphasis added).

Wife argues that Husband's intention regarding the gifts of jewelry remained the same before and after the marriage, the jewelry would belong to Wife. Husband hoped only that it would pass to his nephew at his Wife's death. Husband testified, "my intent was that she could wear the ring until she died and then I asked her – I said I would be honored if she would pass that over to my nephew who's my namesake." Husband argues that he never intended to remove the jewelry that he gave his Wife from the marital estate in the event of divorce.

Wife further argues that Husband's words of *desire* in having the jewelry eventually given to his nephew, indicate that Husband believed he had no legal claim to the jewelry and that Wife alone had control of what disposition might be made of the jewelry in the future. Yet, there simply is no clear and unambiguous evidence that Husband expressed an intent to transfer the jewelry into Wife's name as her sole property. The jewelry was simply a gift between the parties as spouses, and, as a result, the jewelry cannot be considered Wife's separate property. The fact that Wife may have taken the responsibility to insure her jewelry is not dispositive either. There was no evidence that any such insurance premiums were paid with other than marital funds.

### *Conclusion*

The evidence presented does not satisfy the requirements of *Kelln*, because the facts do not "clearly and unambiguously support the conclusion that [Husband] has relinquished all right and interest in [the jewelry] and has transferred those rights unconditionally to [Wife], to the exclusion of [Husband's] continuing claim upon the property as a marital asset pursuant to Code § 20-107.3." *Id.*, 30 Va. App. at 122-23, 515 S.E.2d at 793-94. Therefore, the jewelry is marital property and not the separate property of Wife. *Id.*

Subsequent to the decision in *Kelln*, the Court of Appeals again addressed the issue of the classification of interspousal gifts in an unpublished opinion. *Silberblatt v. Silberblatt*, No. 1793-97-3, 1999 Va. App. LEXIS 434 (Va. App., July 13, 1999) (unpublished).

In *Silberblatt*, without citing *Kelln*, the Court of Appeals ruled that gifts of fur and jewelry given to the wife by the husband during the marriage were interspousal gifts which did not fall within the scope of Va. Code § 20-107.3(A)(1) defining separate property. *Id.* Rather, the Court opined that interspousal gifts "remain presumptively marital" because Va. Code § 20-107.3(A)(1) "expressly excludes from the definition of separate property gifts from `the other party'." *Id.* The Court of Appeals determined from the statute that the legislature expressly provided that interspousal gifts be marital property. *Id.*

Although *Silberblatt* is an unpublished opinion, it provides guidance in interpreting Va. Code § 20-107.3. Husband gave jewelry to Wife as an interspousal gift. Therefore, the jewelry "remain[s] presumptively marital," and Wife has not furnished proof sufficient to rebut such a presumption. *Id.*

For these reasons, Defendant's Motion for Reconsideration is granted.